DAVID STEWART ET AL. V. CATHERINE DOERING.

FILED MARCH 19, 1902. No. 11,176.

Commissioner's opinion, Department No. 3.

Continuance: TRIAL. The continuance of a cause by a justice of the peace is no part of the trial of the cause, within the meaning of section 11, chapter 28, Compiled Statutes.

ERROR from the district court for Saline county. Heard below before HASTINGS, J. *Affirmed.*

*A. S. Sands,* for plaintiffs in error, cited *Gibson v. Sidney,* 50 Nebr., 12.

*J. N. Rickards, contra.*

DUFFIE, C.

Stewart, the plaintiff in error, is a justice of the peace in and for Saline county, and this action was brought upon his official bond, the breach charged being that he had exacted and collected excessive fees. Judgment went against him, from which he has taken error. The facts are not in dispute, both parties agreeing that the case in which the fee in dispute was taxed came to the plaintiff in error on

change of venue from another justice. On receipt of the transcript, the plaintiff in error docketed the case, and, upon calling the same for trial, it was continued until the 30th of December, 1897. On that date the case was again continued until December 31, 1897, on which day a trial upon the merits was commenced and concluded. Plaintiff in error charged and collected one dollar for "one day's attendance upon the trial after the first day," and the question presented is, was this fee illegally exacted? Section 11, chapter 28, Compiled Statutes of 1901, relating to the fees which may be charged by a justice of the peace, contains the following relating to the fee which may be charged for the trial of a case: "Each day's attendance upon trial of a cause, after the first day, one dollar." The record does not disclose that the case was continued at the instance of either of the parties to the action, and we might well presume that the justice himself continued the case on account of being engaged in other official business, as provided by section 959, Code of Civil Procedure. In such case, it would hardly be contended that entering an order for such continuance was any part of the trial of the cause, such as to entitle the justice to charge a fee of one dollar for attendance upon the trial at a subsequent day when the case was heard and determined. We do not care, however, to dispose of the case on a technicality, as the parties evidently desire the opinion of this court as to the meaning of the statute, and what steps in the progress of a case constitute any part of the trial.

The plaintiff in error, in a vigorous brief, contends that the justice is entitled to charge a fee of one dollar for every day after the return day of the summons that the proceedings in the case require his presence. His argument, if we understand it, is that all the taxable costs in the case previous to a trial on the merits, have been earned on the return day of the summons; that, if the case is tried and disposed of on the return day, no fee can be charged for attendance on the trial; but that if other proceedings in the case are taken by the parties, so that a trial on the

merits can not be had on the return day, such proceedings, including a continuance of the case, are a part of the trial of the cause and constitute the first day of the trial, entitling the justice to a trial fee of one dollar for his subsequent attendance. This argument, it seems to us, not only refutes itself, but is contrary to the practice followed for the many years that the statute has been in force. So far as our knowledge extends, the uniform practice in justice courts has been to tax the fee of fifty cents allowed by statute for each continuance of a case, and this continuance has never been regarded as any part of the trial. If it were, then each continuance, after the first, would entitle the justice to tax as fees, not only the fifty cents specially provided by statute for each continuance, but one dollar in addition for a day's attendance on the trial. In the case at bar the justice would be entitled to charge two dollars for two days on trial of the cause, as the case was continued twice before the day on which it was finally tried on its merits. But on principle, and from the clear reading of the statute, we hold that the postponement of a trial to some future day does not constitute any part of the trial which is so adjourned.

We recommend the affirmance of the judgment.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.